UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN LEE, | No. 2:14-cv-1667 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| MACOMBER, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, petitioner is ordered to file further briefing in support of his opposition to respondent's motion to dismiss.

On October 13, 2014, respondent filed a motion to dismiss arguing that this action is barred by the statute of limitations. (ECF No. 13.) On November 4, 2014, petitioner filed an opposition. (ECF No. 14.) In the opposition, petitioner argues that he is entitled to equitable tolling.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U .S. 408, 418 (2005).

Petitioner first argues that he is entitled to equitable tolling because of his mental illness. Petitioner argues that he had to find someone to assist him with his legal work due to his mental illness. Petitioner also attaches a declaration from inmate Hampton stating that inmate Hampton helped petitioner with his legal work due to petitioner's mental illness.

Petitioner's opposition does not specifically address how his mental illness prevented him from filing a timely federal petition. Petitioner also does not describe his mental illness and why he could not prepare his own legal documents. Accordingly, petitioner is directed to file further briefing addressing these issues.

Petitioner also argues that he is entitled to equitable tolling because he was housed in administrative segregation where he could not find any inmate to help him with his legal work and was without access to his "legal work."

Petitioner's opposition does not specifically address how his placement in administrative segregation prevented him from filing a timely federal habeas petition. Petitioner does not specifically describe the dates when he was housed in administrative segregation. Petitioner also does not specifically address why he could not obtain assistance from other inmates while he was housed in administrative segregation. It is also unclear to the court whether petitioner is alleging that he was denied access to his legal property while he was housed in administrative segregation. Accordingly, petitioner is directed to file further briefing addressing these issues.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall file the further briefing described above; respondent may file a reply to petitioner's briefing within fourteen days thereafter.

Dated: April 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lee1667.fb